IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**FREDERICK S. CARTER,**

  **Plaintiff,**

                  Civil Action No. 2:25-cv-00466

**v.**

**CAMC GENERAL BEHAVIORAL HEALTH,**

  **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

  Pending before the Court is the Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) filed on July 28, 2025. By Order entered on July 29, 2025, this matter was referred to the undersigned for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF No. 3). Having examined the Complaint[1] (ECF No. 2), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[2]

### Plaintiff's Allegations

  The Plaintiff indicates the basis for federal court jurisdiction is based upon a federal

---

[1] Typically, the undersigned permits *pro se* litigants to amend their pleadings when it is unclear as to how the Court may exercise jurisdiction over certain claims, however, for the reasons stated *infra*, the undersigned declined to invite this Plaintiff to file an amended complaint.

[2] Because the Plaintiff is proceeding *pro se*, the documents he filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

1

question, and specifies "Personal Injury" (ECF No. 2 at 3). The Plaintiff claims the amount in controversy is $500,000 dollars for his pain and suffering, long term permanent damages, inability to sleep with nightmares and mental trauma (Id. at 4), and alleges the following in support:

On or about October 21, 2023, the Defendant, CAMC General Behavioral Health, failed to "properly screen or identify a racist gang skin head member with visible skin head and tattoos to depict such"; that the Plaintiff told staff he did not want to be in the same room with this individual; that while the Plaintiff was asleep, the individual assaulted him by "punching" the Plaintiff in the face and head. (Id.) The Defendant failed to protect the Plaintiff from the unprovoked attack and improperly housed the individual with the Plaintiff; the Defendant advised the Plaintiff the individual was placed in the same room with him because "no other room was available." (Id.) The Plaintiff indicates that a police report was filed. (Id.) The Plaintiff asserts that the Defendant "should conduct better patient screening on housing and use common sense when faced with an open self-claimed racist patient and not house the patient with an enemy faction, race or person of color." (Id.)

**The Standard of Review**

Because the Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, his complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim

lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* complaint can be remedied by an amendment, however, the District Court may not dismiss the complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

**Discussion**

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the

3

Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1).

It is clear that this civil action fails to meet Section 1332 requirements allowing this Court to exercise jurisdiction over the Plaintiff's claims[3], however, the Plaintiff only indicates his claims fall under federal question jurisdiction and are couched as a personal injury action. Given that basic premises of federal jurisdiction are limited, and that there is no presumption that this Court has jurisdiction, the Plaintiff must affirmatively plead facts supporting jurisdiction. See Pinkley, Inc. v. City of Frederick, MD, 191 F.3d 394, 399 (4th Cir. 1999) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) ("the party who seeks the exercise of jurisdiction in his favor . . . must allege in his pleadings the facts essential to show jurisdiction"). The factual allegations presented here does not involve any question of "federal law" as to invoke jurisdiction under Section 1331. Specifically, the Plaintiff does not allege a violation of a federal statute or any constitutional provisions.[4]

As an additional matter, from the undersigned's review, it is apparent that this case involves the same events or offenses complained of in a prior civil action the Plaintiff filed with this Court: see *Frederick Shawnee Carter v. Cindy Johnson, PA., et al.*, case number 5:25-cv-00020. In that case, the Plaintiff alleged he was physically assaulted while he slept "by a self-proclaimed and

---

[3] The Plaintiff identifies himself and the Defendant as West Virginia citizens.

[4] To the extent the Plaintiff is alleging a claim under 42 U.S.C. § 1983, it is significant that the Defendant is not a state actor, and there are no specific allegations that the Defendant violated any of the Plaintiff's constitutional rights. See, e.g., Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

tattoo adorning to designate that he was a racist skinhead"; the named Defendant therein, CAMC General Hospital Emergency Room/Mental Health Floor, advised there was no other room for the Plaintiff; and the individual called the Plaintiff racist slurs and punched him in the face, causing the Plaintiff head swelling and headaches. (see ECF No. 5 at 18-19) The Plaintiff alleged therein that Defendant CAMC General Hospital and Mental Health Ward should have used common sense not to place the Plaintiff, an Afro-American, with an openly racist patient with swastika tattoos. (Id.) The undersigned notes that on March 14, 2025, the Court adopted his Proposed Findings and Recommendation in that matter (ECF Nos. 6, 7, 8), and the case has not been appealed; therefore, that action is final on the merits, and the doctrines of *res judicata*, collateral estoppel and/or claim preclusion may provide yet additional grounds that command dismissal of the Plaintiff's current civil action.

The preclusive effects of the doctrines of *res judicata* and collateral estoppel are designed to promote judicial economy, encourage reliance on judicial decisions, and relieve parties from the expense of multiple lawsuits. See Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 326, 99, S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Wright & Miller, § 131.12[4][a]. "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Young-Henderson v. Spartanburg Area Mental Health Center, 945 F.2d 770, 773 (4th Cir. 1991)(*quoting*, Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). "The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." See Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002) (citing In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996) (internal citations omitted). Collateral estoppel "precludes relitigation of an issue decided previously in

5

judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995).

"The test to determine whether a cause of action is the same is 'to inquire whether the same evidence would support both actions or issues[.]' " See Harrison v. Burford, 2012 WL 2064499, at *3 (S.D.W. Va. Jun. 7, 2012) (citations omitted). The undersigned finds that the Plaintiff's allegations or issues raised in the current civil action are the same as those presented in his prior civil action, therefore, the current action is barred by *res judicata*.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the District Judge **DENY** the Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), **DISMISS** the Plaintiff's Complaint (ECF No. 2) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: July 30, 2025.



Omar J. Aboulhosn
United States Magistrate Judge